Argued and submitted July 10, affirmed in part, reversed
in part and remanded for resentencing November 9, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## ALEX SHARP,
*Appellant.*

(C 80-03-31006, CA 19658)

635 P2d 1388

Gary D. Babcock, Public Defender, Salem, argued the
cause and filed the brief for appellant.

R. Wayne Torneby, Certified Law Student, Salem,
argued the cause for respondent. With him on the brief
were Dave Frohnmayer, Attorney General, and William F.
Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief
Judge, and Warren, Judge.

PER CURIAM.

## PER CURIAM.

Defendant appeals from that portion of the sentencing order, entered following his plea of guilty to the crime of unauthorized use of vehicle, requiring defendant to pay the costs of extraditing him from Kentucky in the amount of $1,748. He contends that the imposition of that requirement was not permissible in light of ORS 161.665(3), which provides:

> "(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

The record reflects only that at the time of sentencing the court indicated it intended to impose this requirement on defendant and that defendant advised the court that he was without funds at that time and that he would have no money when he was released from his term of imprisonment. There is nothing in the record to indicate that the trial court determined that defendant "is or will be able to pay" the amount of costs he was ordered to pay. No hearing was held to determine how defendant might pay them, because the court stated that payment would be made upon a monthly schedule to be determined by defendant's parole officer.

On this record, we agree with defendant that the imposition of costs as a part of this sentence was not authorized.

Affirmed in part, reversed in part and remanded for resentencing.